APPEAL—CONTRIBUTORY NEGLIGENCE—DEFENSE FIRST RAISED ON APPEAL.
The defense of contributory negligence cannot be first raised on appeal.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by John J. Hackett against Edwards, Merrill & Co. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Jonathan C. Ross, for appellant.
C. Washbourne Smith, for respondent.

PER CURIAM. This action was brought to recover damages claimed to have been sustained by plaintiff, in consequence of an injury to his infant son, through the alleged negligence of the defendant's servants. The pleadings were in writing, and the answer, besides containing a general denial, averred contributory negligence. The proofs were sufficient to warrant the justice in finding that the tailboard of the ice wagon was down while the defendant's servants were in the butcher shop, and that in consequence thereof one of the cakes of ice fell out of the wagon, upon plaintiff's son, while he was upon the sidewalk, thereby causing the injury for which plaintiff seeks compensation.

The defendant urges that the boy was guilty of contributory negligence; but, as the point was not made in the court below, it cannot now be raised for the first time on appeal. Flandrow v. Hammond, 148 N. Y. 129, 42 N. E. 511; Kafka v. Levensohn, 18 Misc. Rep. 202, 41 N. Y. Supp. 368. The record discloses that the only motion made by the defendant to dismiss the complaint was based solely upon the ground that there was no evidence of negligence on the defendant's part. This was calculated to mislead the plaintiff into the belief that no claim of contributory negligence was made by the defendant upon the facts, and to cause him to refrain from giving proof which might well have been adduced upon the point, had attention been called to the defect at the trial.

For these reasons the judgment should be affirmed, with costs.

(26 Misc. Rep. 14.)

MOSLER SAFE CO. v. HARTOG et al.

(Supreme Court, Appellate Term. January 23, 1899.)

ACTION FOR FRAUD—EVIDENCE.
A safe, sold to a firm to be delivered at a stated time, when the price was to be paid, was delivered before then without any demand for payment. Shortly after the time originally fixed for payment, and a month and a half after delivery, it was mortgaged to the wife of one of the firm, and one of the buyers, when a return of the safe was demanded, stated that he knew how to get around paying for it. The financial condition of

the buyers was not shown, and there was no proof of any misrepresentation of it.  *Held* not to warrant a finding that the sale was procured by the fraud of the buyers.

Appeal from municipal court, borough. of Manhattan, First district.

Action by the Mosler Safe Company against Albert Hartog and another, as partners. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Weekes Bros., for appellants.
Page & Eckley, for respondent.

GIEGERICH, J.  This action was brought to recover damages for fraud in obtaining a safe under a promise to pay the purchase price in cash upon delivery of the same.  The answer was substantially a general denial.  The safe was sold on September 9, 1897, for $187.50, and was to have been delivered on November 1, 1897.  It seems, however, according to the testimony of the defendant Albert Hartog (who is not contradicted in this respect), that the safe was received by the defendants on or about October 1, 1897, "as a personal favor to the plaintiff."  There was no demand made, at the time of the delivery, for the purchase price, and the first request for payment which the record discloses seems to have been made some time during the month of November in the same year.  Support for the allegation of fraud is sought to be derived from the fact that on the 15th day of November, 1897, the defendants gave a chattel mortgage to the wife of one of the members of their firm to secure the payment of $2,850, and, further, from the alleged statement of one of the defendants, made, as claimed, when a return of the safe was demanded, "that he had a big law library, and knew all the law, and knew how to get around it."

It is undisputed that, at the time the order for the safe was given, neither of the defendants made any representations as to their pecuniary responsibility.  The plaintiff offered no proof whatever with respect to the financial condition of the defendants' firm during any part of the period above mentioned, except such as may be inferred from the making of the chattel mortgage; and, for all that appears to the contrary, the firm may have been solvent when that mortgage was given.  The mortgage, as above shown, was executed more than a month and a half after the safe was received by the defendants, and there is no satisfactory proof from which it might reasonably be inferred that they had secured possession of the same with the preconceived idea of not paying for it, while the only direct evidence is to the effect that the defendants reluctantly received the safe, and did so solely at the plaintiff's solicitation.

Under these circumstances, the judgment for the plaintiff is not supported by the weight of the evidence, and it must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.  All concur.